IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUINCY K. BERRY, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 23-107 |
| R. SELLERS, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**SURRICK, J.**                                                                                       **APRIL 18, 2023**

Following the dismissal of his initial Complaint for failure to state a claim, *pro se* Plaintiff Quincy K. Berry has filed an Amended Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 9.) For the following reasons, the Court will dismiss the Amended Complaint without prejudice. Berry will be given another opportunity to cure the noted deficiencies by filing a second amended complaint.

I.  **FACTUAL ALLEGATIONS**[1]

Berry's initial Complaint named the following Philadelphia Police officers: Detective R. Sellers, Brett M. Werner (identified in the Complaint as the "arresting officer"), and Kevin Bradley. (Compl. (ECF No. 1) at 2-3.)[2] Berry also identified the Keefe Commissary Company ("Keefe") as a Defendant. (*Id.* at 3.) All Defendants were sued in their individual and official capacities. (*Id.* at 2-3.)

---

[1] The factual allegations are taken from Berry's Complaint, Amended Complaint, and public dockets, of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[2] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

Although the allegations in the initial Complaint were sparse, the Court understood Berry to be asserting that his Eighth and Fourteenth Amendment rights had been violated because he "was treated inadequately while wrongfully incarcerated." (*Id.* at 4.) Berry asserted that he was arrested by Officer Werner on January 15, 2018 and charged with an unidentified crime of which he was later acquitted. (*Id.* at 5.) Berry also averred that Detective Sellers and Officer Bradley visited him on August 20, 2019 at the Curran-Fromhold Correctional Facility ("CFCF") to have him sign off on a warrant to obtain his DNA, and his mouth was swabbed in connection with the "crime that [he] was acquitted of." (*Id.*) Berry also contended that the wrongful incarceration caused him "to be infected with [COVID]-19" as of March 28, 2020. (*Id.* at 4.)

In a March 27, 2023 Memorandum and Order, the Court granted Berry leave to proceed *in forma pauperis* and dismissed his Complaint in part with prejudice[3] and in part without prejudice. *See Berry v. Sellers*, Civ. A. No. 23-0107, 2023 WL 2647089, at *1 (E.D. Pa. Mar. 27, 2023). First, the Court dismissed Berry's claims against Keefe because he failed to identify what role it played in violating his constitutional rights and whether it was a state actor subject to liability under § 1983. *Id.* at *2. The Court also dismissed Berry's official capacity claims against the individual Defendants because he made no allegations regarding a specific custom or policy by which official capacity claims could be maintained, and he failed to allege that any policy or custom of the City caused the constitutional violations he described in his Complaint. *Id.* at *3. Berry's remaining claims pertaining to his January 2018 arrest, the

---

[3] The Court dismissed the 35th Police Department with prejudice to the extent that Berry sought to name it as a Defendant because a police department is not a proper entity subject to suit under § 1983. *See Berry*, 2023 WL 2647089, at *1 (citing *Martin v. Red Lion Police Dept.*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality)).

resulting criminal charges of which he was acquitted, and his assertions that the wrongful incarceration caused him to be infected with COVID-19 in March 2020, were dismissed without prejudice. *Id.* at *4-6. The Court determined that because Berry did not plausibly allege facts demonstrating that probable cause was lacking when he was arrested or when any resulting criminal proceedings were initiated against him, his claims of false arrest, false imprisonment, and malicious prosecution must be dismissed. *Id.* at 4. With respect to Berry's claims of deliberate indifference, the Court determined that his claims failed as pled because he did not allege how any of the named Defendants were personally involved in the alleged violation of his rights, nor did he allege facts to support a plausible inference that prison officials were deliberately indifferent to his serious medical needs. *Id.* at 5. The Court's Order gave Berry thirty days to file an amended complaint in the event he could cure the defects in the claims the Court had dismissed without prejudice. (ECF No. 8.) Berry was also instructed that any amended complaint was required to state a claim without reference to the initial Complaint or other documents filed in this case, and suggested he be mindful of the Court's reasons for dismissing his initial Complaint. (*Id.*)

Berry returned with his Amended Complaint, which he completed by utilizing a standard complaint form for filing a civil action. (Am. Compl. (ECF No. 9).) Berry has again named Philadelphia Police Officers Sellers, Werner, and Bradley as Defendants. (*Id.* at 2.) Keefe is also renamed as a Defendant. (*Id.*) Berry asserts, again with very limited specificity, that he was arrested for burglary charges on January 15, 2018 by Officer Werner at 6428 N. 20th Street in Philadelphia, Pennsylvania. (*Id.* at 3.) Berry contends that at the time of the arrest, he was putting his infant son to bed when the police forced their way into the house, walked upstairs, and arrested him even though "[his] name was not on the warrant." (*Id.*) Following the arrest,

3

Officer Werner transported Berry to the 35th District to fingerprint him, and then Detective Sellers took him "up to the interrogation room to coerce [him] for information." (*Id.*) Berry asserts that because he "was not cooperating," he "was threatened about being in jail for a long time." (*Id.*) One hundred and eighty days later, Detective Sellers and Officer Bradley went to CFCF to obtain his DNA "to continue to follow up on her threat." (*Id.*) Based on this allegation, the Court understands that Sellers and Bradley obtained Berry's DNA sometime during the summer of 2018.

Berry asserts that as a result of the wrongful incarceration, he "was infected with the COVID-19 virus" and was "taken away from [his] family 3½ yrs. which caused a mental and physical harm with regards to be hit across the nose with batteries and in the R.H.U. for fighting [his] cell mate." (*Id.* at 4.) Berry asserts, as he did in his initial Complaint, that his Eighth and Fourteenth Amendment rights have been violated because he "was wrongfully incarcerated under strenuous conditions, knowing that this egregious misconduct" occurred "while in their official/individual" capacities. (*Id.*) Berry seeks millions of dollars in damages. (*Id.*)

II.   **STANDARD OF REVIEW**

Since Berry is proceeding *in forma pauperis*, his Amended Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id*.

### III. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A. Claims Against the Keefe Commissary Company

Berry names Keefe as a Defendant but presents no factual allegations against it anywhere in the Amended Complaint. Just as was done in the initial Complaint, Berry has failed to allege what Keefe did, or did not do, to violate his constitutional rights. Moreover, Berry has again failed to allege sufficient facts from which it can be inferred that Keefe, a private corporation and supplier of food products and commissary goods to prisons,[4] is a state actor subject to liability under § 1983.[5] Accordingly, any claims against Keefe will be dismissed.

---

[4] *See* Keefe Group, https://www.keefegroup.com/ (last visited April 12, 2023).

[5] Several courts have concluded that vendors such as Keefe, who sell products to prisoners, are not acting under color of state law. *See Davis v. Brown*, No. 21-171, 2022 WL 4714913, at *5 (W.D. Mich. Oct. 3, 2022) (citing *Kyles v. Keefe Commissary Network, LLC*, No. 14-11907, 2015 WL 1637466, at *6 (E.D. Mich. Apr. 13, 2015); *LaPlante v. Lovelace,* No. 13-32, 2013 WL 5572908, at *12 (W.D. Mich. Oct. 9, 2013) (finding no evidence that Keefe Supply Company acted under color of state law by selling products to a prison commissary, because its conduct could not be "fairly attributed to the state"); *Smith v. Ozmint,* No. 07-3644, 2009 WL 692828, at *4 (D.S.C. Mar.12, 2009), *aff'd*, 356 F. App'x 646 (4th Cir. 2009) (finding that a company which produced hygiene products for sale to prison commissaries did not act under color of state law, and stating that "the mere act of selling something to a government entity to be distributed to inmates does not render the manufacturer or distributor state actors").

### B.  Official Capacity Claims

It appears that Berry has again named Philadelphia Police Detective Sellers and Officers Werner and Bradley in their official capacities. (Am. Compl. at 4.) As noted in the Court's prior Memorandum, the official capacity claims against employees of the City of Philadelphia are, in essence, claims against the employing municipal entity. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)). To state claim for municipal liability, a plaintiff must allege that the municipality's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

To the extent Berry seeks damages from the named individual Defendants in their official capacities, he has again failed to allege facts that support *Monell* liability. Berry makes no allegations regarding a specific custom or policy by which official capacity claims may be maintained, and he fails to allege that any policy or custom of the City caused the constitutional violations he describes in his Amended Complaint. Accordingly, the official capacity claims against Defendants Sellers, Werner, and Bradley will be dismissed.

### C.  False Arrest, False Imprisonment, and Malicious Prosecution

As he did in his initial Complaint, Berry asserts that his January 2018 arrest resulted in a wrongful incarceration. (Am. Compl. at 3-4.) "False arrest and false imprisonment are 'nearly identical claims' that are 'generally analyzed together.'" *Karkut v. Target Corp.,* 453 F. Supp.

2d 874, 879 (E.D. Pa. 2006) (quoting *Brockington v. Phila.,* 354 F. Supp. 2d 563, 570 n. 8 (E.D. Pa. 2005) (citation omitted)).  To state a claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause.  *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995).  "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483.  "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)).

A plaintiff asserting a malicious prosecution claim must establish that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009).  The United States Supreme Court recently clarified with respect to the second element that a plaintiff need not "show that the criminal prosecution ended with some affirmative indication of innocence" and "need only show that the criminal prosecution ended without a conviction." *Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022); *see also Coello v. DiLeo*, 43 F.4th 346, 354-55 (3d Cir. 2022) ("A § 1983 claim sounding in malicious prosecution accrues when 'the prosecution terminate[s] without a conviction.'").

7

Once again, Berry has not alleged facts that plausibly show probable cause was lacking when he was arrested or when any resulting criminal proceedings were initiated against him. Indeed, he has not alleged enough details about the circumstances surrounding his arrest, why he believes he was wrongfully arrested on burglary charges,[6] whether and when he was arraigned on such charges, or any facts concerning whether and when the alleged burglary charges against him were terminated in his favor. Consequently, his false arrest, false imprisonment, and malicious prosecution claims must be dismissed on that basis. *See, e.g., Jenkins v. City of Philadelphia*, No. 15-3271, 2015 WL 5585186, at *3 (E.D. Pa. Sept. 23, 2015) (dismissing false arrest, false imprisonment and malicious prosecution claims because plaintiff failed to plausibly allege a lack of probable cause where plaintiff, while alleging that he was twice arrested, did not have drugs in his possession, did not break the law and the police confiscated his property, "assert[ed] no other facts that would shed light on the circumstances under which he was arrested, on what the officers knew or should have known at the time of the arrest, or on any other factor that might have a bearing on the claims he attempts to raise"); *Santiago v. Humes*, No. 14-7109, 2015 WL 1422627, at *4 (E.D. Pa. Mar. 30, 2015) (dismissing false arrest, false imprisonment, and malicious prosecution claims when plaintiffs failed to "affirmatively assert facts to show that the Officer Defendants did not have probable cause" when plaintiffs simply alleged that all of the allegations against them in the underlying criminal proceedings were false).

---

[6] A person commits burglary in Pennsylvania if he enters a building or occupied structure "with the intent to commit a crime therein . . . ." *See* 18 Pa.C.S.A. § 3502.

## IV.     CONCLUSION

For the foregoing reasons, Berry's Amended Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Berry's allegations are lacking in detail.  He does not plead specific facts that might support a claim, and the vagueness and generality of the Amended Complaint could very well constitute a separate basis for dismissal.[7]  However, because the Court cannot say at this time that Berry will never be able to assert plausible claims based on false arrest, wrongful incarceration, or malicious prosecution, the dismissal of the Amended Complaint will be without prejudice and Berry will be granted one more opportunity to file an amended complaint if he is able to set forth his claims with sufficient facts.  An appropriate Order follows, which provides further instruction as to amendment.

BY THE COURT:

s/ *R. Barclay Surrick*

**R. BARCLAY SURRICK, J.**

---

[7] A two-year statute of limitations applies to civil rights claims under 42 U.S.C. § 1983.  *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  It appears from the face of the Amended Complaint that some of the claims Berry seeks to bring may be time-barred.  However, given the sparse factual allegations, the Court will not address the timeliness of Berry's claims at this time and will, instead, permit Berry to amend his complaint so he can expound upon the facts giving rise to his claims.