**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| QUINCY K. BERRY, | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 23-CV-107-RBS** |
| | : | |
| R. SELLERS, *et al.*, | : | |
| **Defendants.** | : | |

**MEMORANDUM**

SURRICK, J.                                                                          JUNE 29, 2023

Following the dismissal of his initial and Amended Complaints for failure to state a claim, *pro se* Plaintiff Quincy K. Berry has filed a Second Amended Complaint pursuant to 42 U.S.C. § 1983.  (ECF No. 12.)  For the following reasons, the Second Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.      **FACTUAL ALLEGATIONS**[1]

Berry's initial Complaint named the following Philadelphia Police Officers:  Detective R. Sellers, Brett M. Werner (identified in the Complaint as the "arresting officer"), and Kevin Bradley.  (Compl. (ECF No. 1) at 2-3.)[2]  Berry also identified the Keefe Commissary Company ("Keefe") as a Defendant.  (*Id.* at 3.)  All Defendants were sued in their individual and official capacities.  (*Id.* at 2-3.)

Although the allegations in the initial Complaint were sparse, the Court understood Berry to be asserting that his Eighth and Fourteenth Amendment rights had been violated because he

---

[1]  The factual allegations are taken from Berry's Complaint, Amended Complaint, Second Amended Complaint, and public dockets, of which the Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[2]  The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

"was treated inadequately while wrongfully incarcerated." (*Id.* at 4.) Berry asserted that he was arrested by Officer Werner on January 15, 2018, and charged with an unidentified crime of which he was later acquitted. (*Id.* at 5.) Berry also averred that Detective Sellers and Officer Bradley visited him on August 20, 2019 at the Curran-Fromhold Correctional Facility ("CFCF") to have him sign off on a warrant to obtain his DNA, and his mouth was swabbed in connection with the "crime that [he] was acquitted of." (*Id.*) Berry also contended that the wrongful incarceration caused him "to be infected with [COVID]-19" as of March 28, 2020. (*Id.* at 4.)

In a March 27, 2023 Memorandum and Order, Berry was granted leave to proceed *in forma pauperis* and his Complaint was dismissed in part with prejudice[3] and in part without prejudice. *See Berry v. Sellers*, No. 23-0107, 2023 WL 2647089, at *1 (E.D. Pa. Mar. 27, 2023). First, Berry's claims against Keefe were dismissed because he failed to identify what role it played in violating his constitutional rights and whether it was a state actor subject to liability under § 1983. *Id.* at *2. Berry's official capacity claims against the individual Defendants were also dismissed because he made no allegations regarding a specific custom or policy by which official capacity claims could be maintained, and he failed to allege that any policy or custom of the City caused the constitutional violations he described in his Complaint. *Id.* at *3. Berry's remaining claims regarding his January 2018 arrest, the resulting criminal charges of which he was allegedly acquitted, and his assertions that the wrongful incarceration caused him to be infected with COVID-19 in March 2020, were dismissed without prejudice. *Id.* at *4-6. Moreover, because Berry did not plausibly allege facts demonstrating that probable cause was

---

[3] The Court dismissed the 35th Police Department with prejudice to the extent that Berry sought to name it as a Defendant because a police department is not a proper entity subject to suit under § 1983. *See Berry*, 2023 WL 2647089, at *1 (citing *Martin v. Red Lion Police Dept.*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality)).

lacking when he was arrested or when any resulting criminal proceedings were initiated against him, his claims of false arrest, false imprisonment, and malicious prosecution must be dismissed. *Id.* at 4.  With respect to Berry's claims of deliberate indifference, his claims failed as pled because he did not allege how any of the named Defendants were personally involved in the alleged violation of his rights, nor did he allege facts to support a plausible inference that prison officials were deliberately indifferent to his serious medical needs.  *Id.* at 5.  The Court's Order gave Berry thirty days to file an amended complaint in the event he could cure the defects in the claims the Court had dismissed without prejudice.  (ECF No. 8.)  Berry was also instructed that any amended complaint was required to state a claim without reference to the initial Complaint or other documents filed in this case and suggested that he be mindful of the Court's reasons for dismissing his initial Complaint.  (*Id.*)

Berry filed an Amended Complaint, wherein he renamed Philadelphia Police Officers – Sellers, Werner, and Bradley – and Keefe, as Defendants.  (Am. Compl. (ECF No. 9) at 2.) Berry asserted, again with very limited specificity, that on January 15, 2018, he was arrested by Officer Werner on burglary charges.  (*Id.* at 3.)  Berry contended that at the time of the arrest, the police forced their way into the house, walked upstairs, and arrested him even though "[his] name was not on the warrant."  (*Id.*)  Berry was subsequently transported to the 35th District, fingerprinted, and questioned by Detective Sellers.  (*Id.*)  Berry "was threatened about being in jail for a long time."  (*Id.*)  One hundred and eighty days later, Detective Sellers and Officer Bradley went to CFCF to obtain Berry's DNA "to continue to follow up on [their] threat."  (*Id.*)

Berry's claims in the Amended Complaint were nearly identical to those in his initial Complaint.  Specifically, Berry asserted that as a result of the wrongful incarceration, he "was infected with the COVID-19 virus" and "taken away from [his] family 3½ yrs. which caused [him] mental and physical harm."  (*Id.* at 4.)  Berry also alleged that his Eighth and Fourteenth

3

Amendment rights were violated because he "was wrongfully incarcerated under strenuous conditions, knowing that this egregious misconduct" occurred "while in their official/individual capacities. (*Id.*)

In an April 18, 2023 Memorandum and Order, Berry's Amended Complaint was dismissed without prejudice. *See Berry v. Sellers*, No. 23-0107, 2023 WL 2989957, at *1 (E.D. Pa. Apr. 18, 2023). First, Berry's claims against Keefe were dismissed because he again failed to identify what role Keefe played in violating his constitutional rights and whether it was a state actor subject to liability under § 1983. *Id.* at *2. Berry's official capacity claims against the Philadelphia Police Officers were also dismissed because he made no allegations regarding a specific custom or policy by which official capacity claims could be maintained, and he failed to allege that any policy or custom of the City caused the constitutional violations he described in his Complaint. *Id.* at *3. Berry's remaining claims pertaining to his assertions that the January 2018 arrest resulted in a wrongful incarceration and led to a malicious prosecution were dismissed without prejudice. *Id.* at *3-4. Again, the Court determined that because Berry did not plausibly allege facts demonstrating that probable cause was lacking when he was arrested or when any resulting criminal proceedings were initiated against him, his claims of false arrest, false imprisonment, and malicious prosecution must be dismissed. *Id.* at *4. The Court's Order gave Berry thirty days to file a second amended complaint in the event he could cure the defects in the claims the Court had dismissed without prejudice. (ECF No. 11.) Berry was instructed that any second amended complaint was required to state a claim without reference to the initial Complaint, the Amended Complaint, or any other papers filed in this case, and suggested that he be mindful of the Court's reasons for dismissing his Amended Complaint. (*Id.*)

Berry now returns with his Second Amended Complaint ("SAC"), which he completed by utilizing a standard complaint form for filing a violation of civil rights pursuant to 42 U.S.C. §

1983.  (SAC (ECF No. 12).)  Berry renames all of the same Defendants – Philadelphia Police Officers Sellers, Werner, and Bradley, as well as Keefe.  (*Id.* at 2-4.)  As in his prior pleadings, all Defendants are sued in their individual and official capacities.  (*Id*.)  Berry reiterates that his Fourth ("probable cause"), Eighth ("cruel and unusual punishment, and deliberate indifference"), and Fourteenth ("due process") Amendment rights were violated, and he seeks "compensation for wrongful[] incarceration."  (*Id.* at 3.)  With respect to Keefe, Berry asserts "fraud" because it "demand[ed] $1.00 fee for those incarcerated in Philadelphia County."  (*Id.*)

Berry alleges that he was "arrested and detained" by Sellers and Werner on January 15, 2018 in connection with burglary charges and "wrongfully incarcerated from 1-15-2018 until 5-30-2021 for a crime that [he] did not commit."  (*Id.* at 6.)  He further avers that on August 9, 2018, Bradley and Sellers visited him at CFCF to "obtain [a] DNA Buccal Swab" and he "was demanded to give DNA for a crime that [he] was acquitted of."  (*Id.*)  Berry also asserts that "he was in an altercation with a cellmate" on February 9, 2020, and became infected with COVID-19 on "March 26, 2020 while wrongfully incarcerated at P.I.C.C. until April 13, 2020."  (*Id.*)  Berry alleges that he "was away from [his] children, wife, mother and siblings" causing him "to be deliberately indifferenced by wrongfully incarcerated."  (*Id.*)  He also asserts that he "was purchasing commissary and using the phone" and "placed in segregated housing unit while wrongfully incarcerated."  (*Id.* at 6-7.)  Berry seeks $5 million per person in "Declaratory Damages," "Compensatory Damages," and "Monetary Damages."  (*Id.* at 7.)

## II.   STANDARD OF REVIEW

Since Berry is proceeding *in forma pauperis*, his SAC is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the SAC if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted).  Conclusory statements and naked assertions will not suffice.  *Id*.  Because

Berry is proceeding *pro se*, we construe his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182,

185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir.

2013)).  "[L]iberal construction of a pro se amended complaint does not mean accumulating

allegations from superseded pleadings."  *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d

Cir. 2019) (*per curiam*); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In

general, an amended pleading supersedes the original pleading and renders the original pleading

a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading.")

(internal citations omitted).

## III.   DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is 42

U.S.C. § 1983.   "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S.

42, 48 (1988).  "A defendant in a civil rights action must have personal involvement in the

alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988);

*Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular

'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845

F.2d at 1207)).  Even under a liberal reading, and as more fully detailed below, Berry's SAC

once again falls short of providing sufficient factual allegations to allege any plausible claims.

### A.      Claims Against the Keefe Commissary Company

Berry again fails to assert any specific factual allegations against Keefe.  Just as in his prior pleadings, Berry has failed to explicitly allege what Keefe did, or did not do, to violate his constitutional rights.  Moreover, Berry has again failed to allege sufficient facts from which it can be inferred that Keefe, a private corporation and supplier of food products and other commissary goods to prisons,[4] is a state actor subject to liability under § 1983.[5]  Accordingly, any claims against Keefe will be dismissed.

### B.      Official Capacity Claims

Berry names – for the third time – Philadelphia Police Detective Sellers and Officers Werner and Bradley in their official capacities.  (SAC at 2-3.)  As noted in the Court's prior Memoranda, the official capacity claims against employees of the City of Philadelphia are, in essence, claims against the employing municipal entity.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)).  To state claim for municipal liability, a plaintiff must allege that the municipality's policies or customs caused the alleged constitutional violation.  *See*

---

[4]  *See* Keefe Group, https://www.keefegroup.com/ (last visited June 26, 2023).

[5]  Several courts have concluded that vendors such as Keefe, which sell products to prisoners, are not acting under color of state law.  *See Davis v. Brown*, No. 21-171, 2022 WL 4714913, at *5 (W.D. Mich. Oct. 3, 2022) (citing *Kyles v. Keefe Commissary Network, LLC*, No. 14-11907, 2015 WL 1637466, at *6 (E.D. Mich. Apr. 13, 2015)); *LaPlante v. Lovelace,* No. 13-32, 2013 WL 5572908, at *12 (W.D. Mich. Oct. 9, 2013) (finding no evidence that Keefe Supply Company acted under color of state law by selling products to a prison commissary, because its conduct could not be "fairly attributed to the state"); *Smith v. Ozmint,* No. 07-3644, 2009 WL 692828, at *4 (D.S.C. Mar.12, 2009), *aff'd*, 356 F. App'x 646 (4th Cir. 2009) (finding that a company which produced hygiene products for sale to prison commissaries did not act under color of state law, and stating that "the mere act of selling something to a government entity to be distributed to inmates does not render the manufacturer or distributor state actors").

*Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.  *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

To the extent Berry seeks damages from the named individual Defendants in their official capacities, he has again failed to allege facts that support *Monell* liability.  Berry makes no allegations regarding a specific custom or policy by which official capacity claims may be maintained, and he fails to allege that any policy or custom of the City caused the constitutional violations he describes in his Second Amended Complaint.  Accordingly, the official capacity claims against Defendants Sellers, Werner, and Bradley will be dismissed.

### C.      False Arrest, False Imprisonment, and Malicious Prosecution

As he did in his prior pleadings, Berry asserts that his January 2018 arrest resulted in a wrongful incarceration.  (SAC at 6.)  "False arrest and false imprisonment are 'nearly identical claims' that are 'generally analyzed together.'"  *Karkut v. Target Corp.,* 453 F. Supp. 2d 874, 879 (E.D. Pa. 2006) (quoting *Brockington v. Phila.,* 354 F. Supp. 2d 563, 570 n. 8 (E.D. Pa. 2005) (citation omitted)).  As the Court has previously noted, Berry must allege facts establishing that he was arrested without probable cause in order to state a claim for false arrest and related false imprisonment under the Fourth Amendment.  *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995).  "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."  *Id.* at 483.  "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'"  *Harvard v.*

*Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)).

As Berry has previously been instructed, a plaintiff asserting a malicious prosecution claim must establish that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) **the proceeding was initiated without probable cause**; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009) (bolded emphasis added).  The United States Supreme Court recently clarified with respect to the second element that a plaintiff need not "show that the criminal prosecution ended with some affirmative indication of innocence" and "need only show that the criminal prosecution ended without a conviction." *Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022); *see also Coello v. DiLeo*, 43 F.4th 346, 354-55 (3d Cir. 2022) ("A § 1983 claim sounding in malicious prosecution accrues when 'the prosecution terminate[s] without a conviction.'").

Once again, Berry has not alleged facts that plausibly show probable cause was lacking when he was arrested or when any resulting criminal proceedings were initiated against him. Indeed, he has not alleged enough details about the circumstances surrounding his arrest, or why he believes there was an insufficient factual basis for his arrest or prosecution on the burglary charges.[6]  Consequently, his false arrest, false imprisonment, and malicious prosecution claims must be dismissed on that basis.  *See, e.g., Jenkins v. City of Philadelphia*, No. 15-3271, 2015 WL 5585186, at *3 (E.D. Pa. Sept. 23, 2015) (dismissing false arrest, false imprisonment and malicious prosecution claims because plaintiff failed to plausibly allege a lack of probable cause

---

[6]  A person commits burglary in Pennsylvania if he enters a building or occupied structure "with the intent to commit a crime therein . . . ."  *See* 18 Pa.C.S.A. § 3502.

9

where plaintiff, while alleging that he was twice arrested, did not have drugs in his possession, did not break the law and the police confiscated his property, "assert[ed] no other facts that would shed light on the circumstances under which he was arrested, on what the officers knew or should have known at the time of the arrest, or on any other factor that might have a bearing on the claims he attempts to raise"); *Santiago v. Humes*, No. 14-7109, 2015 WL 1422627, at *4 (E.D. Pa. Mar. 30, 2015) (dismissing false arrest, false imprisonment, and malicious prosecution claims when plaintiffs failed to "affirmatively assert facts to show that the Officer Defendants did not have probable cause" when plaintiffs simply alleged that all of the allegations against them in the underlying criminal proceedings were false).

## IV.     CONCLUSION

For the foregoing reasons, Berry's Second Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  As Berry has already been given multiple opportunities to cure the defects in his claims and has been unable to do so, the Court concludes that further amendment would be futile.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").  Accordingly, Berry's Second Amended Complaint is dismissed with prejudice.  An appropriate Order follows.

BY THE COURT:


 */s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**